FILED
CLERK, U.S. DISTRICT COURT
08/22/2026
CENTRAL DISTRICT OF CALIFORNIA
BY dgo DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Ruben Soto, Plaintiff Pro per
rubano83@proton.me
c/o 13738 Bel Air Dr, Victorville California 92395
Telephone: (424) 397 - 4215
Plaintiff, appearing Pro per

**IFP SUBMITTED**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| Ruben Soto,<br>Plaintiff,<br><br>v.<br><br>J. Mora, Badge No. C13858, in his individual capacity;<br>DOES 1–4, individual San Bernardino County Sheriff's deputies or other law-enforcement personnel, in their individual capacities,<br>Defendants. | Case No. 5:26-cv-04861-JFW-PVC<br><br>**COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983:**<br><br>(1) Fourth Amendment – Unreasonable Seizure / Detention;<br><br>(2) Fourth Amendment – Unreasonable Search;<br>(3) Fourth Amendment – Unreasonable Seizure / Vehicle Impoundment;<br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION AND NATURE OF ACTION

**1.** Plaintiff Ruben Soto brings this civil-rights action under 42 U.S.C. § 1983 for alleged violations of the Fourth Amendment arising from a traffic stop, detention, search of Plaintiff's person, warrantless search of Plaintiff's truck and personal

backpack, and seizure and impoundment of Plaintiff's truck on August 21, 2024, in Adelanto, California.

**2.** Plaintiff alleges that Defendant San Bernardino County Sheriff's Deputy J. Mora, Badge No. C13858, initiated and participated in the encounter and that additional presently unidentified deputies or law-enforcement personnel personally participated in the detention, searches, seizure, and/or impoundment.

**3.** Plaintiff seeks compensatory damages according to proof, nominal damages where appropriate, punitive damages against individual defendants where legally available and proven, allowable costs, and such other relief as the Court deems just and proper.

## II. JURISDICTION AND VENUE

**4.** This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

**5.** This Court has jurisdiction under 28 U.S.C. § 1343(a)(3) because Plaintiff seeks redress for alleged deprivations, under color of state law, of rights secured by the Constitution of the United States.

**6.** Venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Adelanto, San Bernardino County, California, within the Central District of California.

**7.** This action is assigned to the Eastern Division under the Central District's divisional venue structure because the events giving rise to the action occurred in San Bernardino

County.

## III. PARTIES

**8.** Plaintiff Ruben Soto is a natural person and appears in this action without counsel.

**9.** Defendant Deputy J. Mora, Badge No. C13858, was at all relevant times a deputy employed by the San Bernardino County Sheriff's Department. Plaintiff alleges that Mora acted under color of state law. Mora is sued in his individual capacity.

**10.** Defendant DOE 1 is the presently unidentified deputy who Plaintiff alleges entered and searched Plaintiff's truck and removed and searched Plaintiff's personal backpack. Plaintiff will seek leave to amend this Complaint to substitute DOE 1's true name promptly after learning it through discovery.

**11.** Defendant DOE 2 is the presently unidentified deputy who personally participated in the search of Plaintiff's person and/or exercised physical control over Plaintiff after he exited the truck, to the extent that person is different from Defendant Mora or DOE 1. Plaintiff will amend when that person's identity is learned.

**12.** Defendant DOE 3 is the presently unidentified deputy or responsible law-enforcement participant who personally participated in, directed, or caused the seizure and impoundment of Plaintiff's truck, to the extent that person is different from the defendants already identified.

**13.** Defendant DOE 4 is any additional presently unidentified deputy who personally participated in the challenged detention, coercive show of force, warrantless search, or seizure described below. Plaintiff alleges Doe status because the Sheriff's Department has not provided Plaintiff with the complete reports and identifying records he

requested before suit.

## IV. FACTUAL ALLEGATIONS

**14.** On August 21, 2024, Plaintiff was operating his truck in Adelanto, California, at or near Mojave Drive and U.S. Highway 395.

**15.** Deputy Mora initiated a traffic stop of Plaintiff's truck. During the encounter, Mora stated, in substance, that Plaintiff was not displaying the appropriate license plate. Mora thereafter cited Plaintiff under California Vehicle Code § 5200(a).

**16.** Immediately before the stop, Plaintiff alleges that he had committed no observable moving violation, had not operated the truck in an unsafe or hazardous manner, had not caused or been involved in a collision, and had caused no apparent injury to any person or property. Plaintiff disputes the asserted grounds and scope of the seizure.

**17.** During the encounter, additional deputies arrived. Plaintiff presently understands that approximately five deputies or officers participated in the encounter, including Mora. The complete identities and roles of those participants are not yet known to Plaintiff.

**18.** Plaintiff alleges that multiple officers positioned themselves around the truck and that his contemporaneous recording depicts officers with their hands on or immediately adjacent to their holstered firearms while positioned toward the driver's compartment. Plaintiff alleges that this show of authority contributed to the coercive circumstances of the encounter.

**19.** Plaintiff exited the truck at the officers' direction. Officers then searched Plaintiff's person while Plaintiff continued recording the encounter. Plaintiff informed the

officers that he had no weapons on his person.

**20.** Officers directed Plaintiff to remain approximately eight to ten feet in front of the truck while multiple officers controlled the scene. An unidentified deputy then entered Plaintiff's truck without presenting a search warrant.

**21.** Defendants stated, in substance, that a search was necessary for "officer safety" because law-enforcement databases allegedly reflected historical information concerning Plaintiff's prior firearm sales or transfers. Plaintiff alleges that the officers did not identify any firearm observed inside the truck, any threatening movement toward the truck or a weapon, or other contemporaneous conduct by Plaintiff showing an immediate danger.

**22.** The unidentified searching deputy proceeded to search throughout Plaintiff's truck, removed Plaintiff's personal backpack from the vehicle, placed the backpack on the sidewalk, and searched its contents for approximately ten minutes while Plaintiff remained outside the truck under the control and observation of multiple officers.

**23.** To the extent any Defendant contends that Plaintiff consented to the search, Plaintiff alleges that any purported consent was not freely and voluntarily given. Plaintiff was detained and surrounded by multiple armed officers and alleges that he complied because he feared that refusal would result in physical force or bodily harm.

**24.** Plaintiff alleges that the asserted protective-search rationale did not justify the scope of the search actually conducted because Plaintiff had already exited the truck, had been searched, had stated that he possessed no weapon on his person, and was kept physically separated from the truck while several officers controlled the scene.

**25.** Defendants caused Plaintiff's truck to be seized and impounded. Plaintiff alleges

that officers stated that the basis for the impoundment was invalid registration. Plaintiff disputes the asserted legal basis and alleges that the impoundment was not independently justified by the circumstances existing at the time.

**26.** Plaintiff was detained, cited, and released. Plaintiff alleges that the encounter lasted approximately seventy minutes.

**27.** The Sheriff's incident or report number associated with the encounter is No. 242401666.

## V. RECORDS HISTORY AND FACTS PRESENTLY UNAVAILABLE TO PLAINTIFF

**28.** On October 15, 2024, Plaintiff submitted San Bernardino County Public Records Act Request No. 24-19519 seeking records concerning Incident Report No. 242401666, including body-worn-camera footage. In a written response dated October 23, 2024, the Sheriff's Department declined to disclose the requested body-worn-camera footage and closed that request.

**29.** On January 15, 2025, Plaintiff submitted Public Records Act Request No. 25-1509. Plaintiff received multiple written status updates concerning that request. On July 22, 2026, the Sheriff's Department closed Request No. 25-1509 as a duplicate and stated that it had been processed under Request No. 24-19519.

**30.** Despite Plaintiff's documented records efforts, Plaintiff alleges that he has not obtained the complete incident report, Deputy Mora's complete narrative, all supplemental reports, the identities and reports of every participating deputy, all body-worn-camera recordings, dispatch and CAD records, or the complete towing,

storage, lien-sale, notice, and disposition records associated with the seizure of his truck.

**31.** Plaintiff identifies those matters to explain the present use of Doe defendants and the limits of facts presently available before discovery. Plaintiff does not plead the denial of the public-record requests itself as a standalone claim under 42 U.S.C. § 1983 in this Complaint. Plaintiff intends to seek relevant, proportional discovery under the Federal Rules of Civil Procedure after service and at the time permitted by Rule 26, including discovery directed toward identifying the Doe defendants and obtaining evidence concerning the stop, detention, searches, impoundment, and disposition of the truck.

**32.** Plaintiff specifically alleges, to the extent permitted by Fed. R. Civ. P. 11(b)(3), that factual contentions concerning the identities and precise roles of the Doe defendants and the contents of records maintained by law-enforcement or towing entities are expected to receive evidentiary support after a reasonable opportunity for investigation and discovery.

## VI. VEHICLE DISPOSITION AND RESULTING LOSS

**33.** Plaintiff was permanently deprived of possession and use of the truck. Plaintiff requested that the vehicle be released and returned, including through communication with a Sheriff's Department captain, but the vehicle was not returned to Plaintiff.

**34.** Plaintiff subsequently learned and presently understands that the vehicle was sold following the impoundment. Plaintiff does not presently possess the towing, storage, lien-sale, notice, or sale records needed to establish the complete chain of disposition

and alleges that those records are maintained by one or more governmental entities, towing or impound operators, or other third parties.

**35.** At or about the time of the seizure, Plaintiff estimates that the truck had a fair-market value of approximately $50,000, subject to verification and proof. Plaintiff seeks only damages legally recoverable and established by admissible evidence, including any proven property value, loss of use, and consequential economic loss proximately caused by a constitutional violation.

## VII. Claim One – 42 U.S.C. § 1983

### Fourth Amendment – Unreasonable Seizure / Detention

### Against Defendant Mora and the Doe Defendant(s) Who Personally Participated

**36.** Plaintiff incorporates the factual allegations above to the extent relevant to this claim.

**37.** A traffic stop is a seizure for purposes of the Fourth Amendment. Plaintiff alleges that the seizure and/or its continuation was unreasonable under the totality of the circumstances.

**38.** Plaintiff alleges that, even assuming the initial stop were lawful, the scope and duration of the detention became unreasonable. The encounter lasted approximately seventy minutes; additional deputies arrived; Plaintiff was removed from the truck and searched; and the encounter expanded into a broader investigation and vehicle search based in part upon historical firearm information. Plaintiff alleges that the detention extended beyond the time reasonably necessary to address the asserted plate-display violation without constitutionally sufficient independent justification.

**39.** Plaintiff alleges that Defendant Mora and any Doe defendant who personally caused or prolonged the challenged detention acted under color of state law and caused the deprivation alleged in this claim.

**40.** As a direct and proximate result of the alleged unreasonable seizure and detention, Plaintiff suffered loss of liberty and damages according to proof.

## VIII. Claim Two – 42 U.S.C. § 1983

### Fourth Amendment – Unreasonable Search

### Against the Defendant(s) Who Personally Conducted, Directed, or Caused the Challenged Searches

**41.** Plaintiff incorporates the factual allegations above to the extent relevant to this claim.

**42.** After Plaintiff exited the vehicle at the officers' direction, officers searched Plaintiff's person. Plaintiff informed them that he had no weapons on his person. Plaintiff was then kept approximately eight to ten feet from the truck while multiple officers controlled the scene.

**43.** An unidentified deputy entered and searched Plaintiff's truck without presenting a warrant, removed Plaintiff's personal backpack, placed it on the sidewalk, and searched the backpack's contents for approximately ten minutes.

**44.** Plaintiff alleges that no valid consent authorized the challenged searches. To the extent Defendants rely on consent, Plaintiff alleges that any apparent acquiescence resulted from the coercive circumstances described above and was not free and voluntary.

**45.** Plaintiff further alleges that the search exceeded any constitutionally permissible protective purpose because Plaintiff was outside the vehicle, had already been searched, had denied possessing a weapon, was physically separated from the truck, and was under the observation and control of multiple officers.

**46.** As a direct and proximate result of the alleged warrantless and unreasonable searches, Plaintiff suffered an invasion of his Fourth Amendment rights and resulting damages according to proof.

## IX. Claim Three – 42 U.S.C. § 1983

### Fourth Amendment – Unreasonable Seizure / Vehicle Impoundment

### Against the Defendant(s) Who Personally Caused, Directed, or Authorized the Seizure

**47.** Plaintiff incorporates the factual allegations above to the extent relevant to this claim.

**48.** Defendants caused Plaintiff's truck to be seized and impounded. Plaintiff alleges that officers stated that the basis for the impoundment was invalid registration.

**49.** Plaintiff alleges that the seizure and impoundment were unreasonable under the Fourth Amendment and lacked a constitutionally sufficient basis independent of the asserted registration issue, including any legitimate community-caretaking need under the facts existing at the time.

**50.** Plaintiff alleges that the impoundment directly caused the loss of possession and use of his truck and that the truck was never returned to him. Plaintiff presently understands that the vehicle was later sold.

**51.** As a direct and proximate result of the alleged unreasonable seizure, Plaintiff suffered property loss, loss of use, and other damages according to proof.

## X. DAMAGES

**52.** Plaintiff seeks compensatory damages in an amount to be proven at trial, including legally recoverable economic loss and compensable noneconomic injury proximately caused by any proven constitutional violation.

**53.** Plaintiff seeks nominal damages for any proven constitutional violation for which compensatory damages are not established.

**54.** Plaintiff seeks punitive damages against individual defendants only to the extent permitted by law and supported by proof of the required state of mind.

**55.** Plaintiff seeks allowable costs and any other relief authorized by law.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against the appropriate Defendant or Defendants as follows:

A. Compensatory damages according to proof;

B. Nominal damages where appropriate;

C. Punitive damages against individual defendants where legally available and proven;

D. Costs of suit as allowed by law;

E. Prejudgment and post-judgment interest to the extent authorized by law; and

F. Such other and further relief as the Court deems just and proper.

## XII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable under the Seventh Amendment and Fed. R. Civ. P. 38.

Dated: August 22, 2026

Respectfully submitted,

________________________ 08/22/2026

Ruben Soto
Plaintiff Pro per
c/o 13738 Bel Air Dr, Victorville California 92395
Telephone: (424) 397 - 4215
Email: rubano83@proton.me